IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JOEL BRADLEY                                                                                      PLAINTIFF
ADC #132357

V.                                           NO: 4:09CV00403 JMM/HDY

DOC HOLLADAY *et al.*                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

  3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

  Clerk, United States District Court
  Eastern District of Arkansas
  600 West Capitol Avenue, Suite A149
  Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Cummins Unit of the Arkansas Department of Correction, filed a *pro se* complaint (docket entry #2), on May 29, 2009, and an amended complaint on June 29, 2009 (docket entry #5), alleging that he was assaulted by another inmate, and then provided with inadequate medical care for his injuries, when he was held at the Pulaski County Regional Detention Facility ("PCRDF"). Plaintiff's complaint named nine Defendants, along with unnamed Does. On July 31, 2009, all of Plaintiff's claims against all Defendants were dismissed, except for his claims against Pulaski County Sheriff Doc Holladay, and the Doe Defendants (docket entry #11). On December 29, 2009, all of Plaintiff's claims against the Does were dismissed (docket entry #36).

On March 12, 2010, Holladay, the sole remaining Defendant, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #44-#46). Plaintiff filed a response on April 15, 2010 (docket entry #49).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he was assaulted by another inmate on June 6, 2007, while he was held in the "S Unit," a general population unit at the PCRDF. Although Plaintiff went to the infirmary the next day, and received pain medication, he complained that the care he received was inadequate, and that he continues to suffer from injuries he sustained in the incident. Plaintiff asserts that he was transferred to the Arkansas Department of Correction ("ADC") the day after he was seen in the infirmary. Plaintiff has advanced essentially two claims: that Holladay failed to protect him from an assault by another inmate, and that he was denied adequate medical care after the assault.

*A. Failure to protect*

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

In his complaint, Plaintiff asserts that, as a parole violator, he should not have been housed in a general population unit, but should have been placed into a segregation unit. According to Lesa Warner, the legal/administrative deputy at the PCRDF, housing decisions at the PCRDF are not determined by whether an inmate is a pretrial detainee, convicted inmate, or parole violator.[1] Although there is no general process for separating inmates, if an inmate believes he is in danger, he may request protective custody, and he may also provide officials with a list of enemies with

---

[1] Plaintiff has suggested that his housing assignment was in violation of detention center policy (docket entry #8). However, even if that is true, the failure to follow detention center policy is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

whom he should not be housed (docket entry #46, exhibit A). According to Warner, Plaintiff had not provided a list of enemies, nor had he requested protective custody, at the time of the attack, despite the fact that the options are included in the inmate handbook. Applying the principles set forth in *Farmer*, Holladay cannot be said to have been aware of, and disregarded, a substantial risk to Plaintiff's health or safety.[2] To the extent that Plaintiff is attempting to hold Holladay liable in his official capacity for failing to protect him, his claim also fails. Plaintiff's complaint against Holladay in his official capacity is essentially a suit against Pulaski County. *Liebe v. Norton* 157 F.3d 574, 578 (8th Cir. 1998). In order to establish municipal liability, Plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show that the policy, practice, or custom, directly caused a constitutional injury. *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). In light of Warner's affidavit explaining the options Plaintiff had to make PCRDF officials aware of any risk, there are no facts in the record to support a finding that Pulaski County maintains an unconstitutional policy, practice, or custom.

B. *Inadequate medical care*

Plaintiff also claims that he was denied adequate medical care for injuries he sustained in the attack. According to Plaintiff's complaint, he was attacked on June 6, 2007, and was not taken to the hospital, but to the detention center infirmary the next day, but received only ibuprofen and bandages. Plaintiff asserts that he complained about the medication being ineffective, but was told there was nothing more that could be done. The following day, according to Plaintiff, he was

---

[2]In his response to Holladay's motion, Plaintiff contends that Holladay is "to be held responsible for the flaws of staff." While there is no evidence of a constitutional violation by any staff member, even if there were, Holladay could not be held liable solely based on his supervisory position. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations)

transferred to the Arkansas Department of Correction, where he was treated "within a few days."

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Defendants' account of Plaintiff's medical care is largely consistent with Plaintiff's. According to Warner's affidavit, following the altercation, Plaintiff was seen by PCRDF nurses, and treated for four lacerations to his forehead and nose, with possible fracture, edema, pepper spray, and bleeding. Warner asserts that Plaintiff was decontaminated, his eyes were washed, he was given bandages and an ice pack, and scheduled to be seen in the clinic the next day. On June 7, 2007, Plaintiff was seen by a physician, who prescribed ibuprofen, Benadryl, ice packs and fluids, and scheduled a follow-up visit in a week. As Plaintiff was transferred to the ADC on June 8, 2007, the follow-up visit never happened.

Although Plaintiff may disagree with the medical care he was provided, nothing about the

actions of the PCRDF medical staff suggests that they, or any PRCRD official, knew of and deliberately disregarded Plaintiff's serious medical needs. Plaintiff was seen by nurses following the altercation, and by a physician who provided additional treatment the next day, and scheduled a follow-up visit. Plaintiff has introduced no evidence which could be relied upon to establish a constitutional violation by any detention center official with respect to the medical care that was provided. No material facts remain in dispute, and Defendant Holladay is entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendant Doc Holladay's motion for summary judgment (docket entry #44) be GRANTED, Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to Plaintiff's claims against Holladay, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

DATED this __20__ day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE